# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RAY A. VANATTA, : CIVIL ACTION
:
        Petitioner, :
:
   v. :
: NO. 10-1883
COMMONWEALTH OF PENNSYLVANIA, et al. :
:
        Respondents. :

**MEMORANDUM ON PETITION FOR WRIT OF HABEAS CORPUS**

**Baylson, J.**                                           **December 28, 2010**

## I. Introduction

Petitioner Ray A. Vanatta filed a _pro se_ Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, raising two grounds for relief. (Doc. No. 1.) This Court referred the matter to Chief Magistrate Judge Thomas J. Rueter for a Report & Recommendation ("R & R") on the merits (Doc. No. 5), and the Commonwealth responded to Vanatta's Petition (Doc. No. 10).

On September 29, 2010, Chief Judge Rueter filed his R & R, which recommended that the petition be dismissed as time-barred. (Doc. No. 11.) On December 1, 2010, Vanatta, after having been granted an extension of time, timely filed objections to the R & R. (Doc. No. 14.) Vanatta also filed a Petition for Appointment of Counsel. (Doc. No. 15.) Upon independent and thorough review, and for the reasons stated below, the Court will adopt the R & R, dismiss the Petition for Writ of Habeas Corpus, and deny Vanatta's Petition for Appointment of Counsel.

## II. Factual and Procedural Background

On March 8, 2007, Vanatta entered a counseled Alford[1] plea to aggravated indecent assault and corruption of a minor in the Court of Common Pleas of Lancaster County, Pennsylvania. (Doc. 10, Ex. A.) On June 13, 2007, the court sentenced Vanatta to two-and-one-half to five years imprisonment followed by five years' probation. (Doc. No. 10, Ex. B.) Vanatta's sentence includes special probation and parole conditions for sexual offenders. (Doc. No 10, Ex. B.)

Vanatta did not file a direct appeal of his sentence. On June 17, 2008, Vanatta filed a timely pro se petition under Pennsylvania's Post-Conviction Relief Act, 42 Pa. Cons. Stat. §§ 9541, et seq. ("PCRA"). (Doc. No. 10, Ex. C.) He sought post-conviction relief based on ineffective assistance of counsel, an unlawfully induced guilty plea, and previously unavailable exculpatory evidence. (Doc. No. 10, Ex. C.) Vanatta's appointed counsel filed a no-merit letter and requested to be excused from the case, pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. Ct. 1988) (en banc). See Commonwealth v. Vanatta, No. 1975-2006, slip op. at 2 (Lancaster Ct. Com. Pl. Jan. 22, 2009).

Following a credibility hearing, the Lancaster Court of Common Pleas denied Vanatta's petition and granted his appointed counsel's motion to withdraw. Id. at 6. Vanatta then filed a timely pro se appeal to the Superior Court of Pennsylvania, and filed an appellate brief and a rebuttal brief in support. (Doc. No. 10, Exs. G, H.) On January 25, 2010, the Superior Court affirmed the denial of Vanatta's PCRA petition. See Commonwealth v. Vanatta, No. 363 MDA 2009, slip op. at 1 (Pa. Super. Ct. Jan. 25, 2010). Vanatta's petition for allowance of appeal to

---

[1] "[A]n Alford plea generally refers to a guilty plea entered into by a defendant while expressly maintaining his or her innocence." United States v. Mackins, 218 F.3d 263, 265 n.1 (3d Cir. 2000) (citing North Carolina v. Alford, 400 U.S. 25, 27 (1970)).

the Pennsylvania Supreme Court was returned as untimely. (Doc. No. 10, Ex. K.)

Vanatta filed the instant Petition for Writ of Habeas Corpus on April 27, 2010. (Doc. No. 1.) He asserts two claims for relief: governmental interference and previously unavailable exculpatory evidence. (Doc. No. 1.) Chief Judge Rueter filed his R & R on September 29, 2010, recommending the Petition be dismissed as time-barred. (Doc. No. 11.) After an extension of time, Vanatta filed timely objections to the R & R, which challenge Chief Judge Rueter's conclusion that he is not entitled to equitable tolling of the limitations period. (Doc. No. 14.)

### III.  Parties' Contentions

#### A.  Summary of the R & R

In the R & R, Chief Judge Rueter recommended dismissal of Vanatta's Petition for Writ of Habeas Corpus as time-barred by the one-year statute of limitation of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Chief Judge Rueter concluded that 340 days of Vanatta's one-year period elapsed before he filed his PCRA petition. Section 2244(d)(2) tolled the statute of limitations, while his petition was pending, until his right to seek Pennsylvania Supreme Court review expired on February 24, 2010. At that time, Vanatta had twenty-five days, or until March 21, 2010, to file for federal habeas corpus relief.

Because Vanatta did not file until April 22, 2010 at the earliest,[2] his petition is barred unless he is entitled to equitable tolling. But Chief Judge Rueter determined that Vanatta presented no evidence of reasonable diligence or extraordinary circumstances to warrant

---

[2]  Even assuming he placed his Petition in the "prison mailbox" on the date he signed it, the Petition is dated April 22, 2010, only five days before it was filed with the Court. See Nara v. Frank, 264 F.3d 310, 315 n.3 (3d Cir. 2001) (recognizing that pro se prisoner's habeas petition is deemed filed on date it is placed in prison's internal mail system).

equitable tolling. Chief Judge Rueter considered Vanatta's claim regarding exculpatory evidence as possibly raising "actual innocence" for equitable tolling, but concluded that Vanatta had not pursued the claim with reasonable diligence. Regardless, the purported exculpatory evidence is not new, but was disclosed to Vanatta's counsel in June 2006, well before Vanatta's March 2007 guilty plea. Accordingly, Chief Judge Rueter determined that Vanatta is not entitled to equitable tolling and his Petition is barred by AEDPA's one-year deadline.

### B. Vanatta's Objections

Vanatta objects to Chief Judge Rueter's conclusion that he is not entitled to equitable tolling.[3] In particular, he argues that he exercised reasonable diligence in pursuing his claims and was prevented from filing in an extraordinary way. With regard to reasonable diligence, Vanatta contends that as early as April 2008 he requested legal materials from his attorney. He apparently received some information which helped him file his PCRA petition in June 2008. Vanatta also asserts that he pursued materials from all levels of the Pennsylvania state court system and his former attorneys to no avail. He also claims that he was unaware of the filing deadlines and was unable to aggressively pursue his claims in light of an illness. (Doc. No. 13.)

Then, beginning in late January 2010, he requested several transcripts and court-related documents. Vanatta wrote to his former attorney, another attorney recommended by other inmates, and the Lancaster County Clerk of Court. He also contacted the Pennsylvania Innocence Project and filed a motion to compel production of documents in the Pennsylvania

---

[3] Vanatta also submitted a letter to this Court dated October 5, 2010 requesting the Court to reconsider the R & R. (Doc. No. 13.) The Court treated this letter as a request for an extension of time to file objections to the R & R, which the Court granted. (Doc. No. 12.) The Court will consider the objections in the October 5, 2010 letter alongside Vanatta's formal objections.

Superior Court on February 25, 2010. He contends his mother also contacted court officials in February and March 2010. (Doc. No. 14.)

He argues that despite these efforts, court officials have prevented him from obtaining the documents, which has prevented him from filing for federal habeas corpus relief "in an extraordinary way." Notably, Vanatta does not object to Chief Judge Rueter's statutory tolling or actual innocence analysis. (Doc. No. 14.)

## IV. Legal Standards

District courts review de novo the portions of the Magistrate Judge's R & R specifically objected to. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report . . . to which objection is made."); see also Fed. R. Civ. P. 72. When reviewing documents filed pro se, a court must keep in mind that such documents are to be liberally construed. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## V. Discussion

### A. Legal Standards

AEDPA establishes a one-year time limit within which a state prisoner may file a petition for habeas relief. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

  The one-year limitations period is subject to statutory and equitable tolling. Pursuant to § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward [the] period of limitation." An untimely petition for state post-conviction relief is not properly filed and, therefore, does not toll the limitations period. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005); Merritt v. Blaine, 326 F.3d 157, 161-62 (3d Cir. 2003).

  Equitable tolling is available in appropriate cases. See Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). To be entitled to equitable tolling, the petitioner must demonstrate (1) reasonable diligence in attempting to investigate and bring his claims, and (2) extraordinary circumstances preventing his timely filing. Id. at 2562. The petitioner bears the burden to demonstrate both elements. Pace, 544 U.S. at 418. Mere excusable neglect will not suffice. LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005).

  The Third Circuit has "cautioned, however, that courts should be sparing in their use of this doctrine, applying equitable tolling only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." Id. at 275 (citation, alteration, and quotation marks omitted). Further, the petitioner must demonstrate a causal relationship between the extraordinary circumstances on which his claim for equitable tolling rests and the lateness of the filing. Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003). The petitioner cannot make this showing if, acting with reasonable diligence, he could have filed on time notwithstanding the

extraordinary circumstances. Id.

The Third Circuit has recognized four situations when equitable tolling may be appropriate: (1) the state has actively misled the petitioner; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; (3) the petitioner has timely asserted his rights mistakenly in the wrong forum; and (4) "in a Title VII action when a claimant received inadequate notice of h[is] right to file suit, where a motion for appointment of counsel is pending, or where the court has misled the plaintiff into believing that []he had done everything required of h[im]." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (alteration omitted).

**B.    Analysis**

The Court agrees with Chief Judge Rueter that Vanatta's Petition is time-barred under AEDPA. Vanatta's sentence became final on July 13, 2007, when his right to file a direct appeal of his sentence expired; he does not contend that any other subsection of § 2244(d)(1) applies. See 28 U.S.C. § 2244(d)(1); Pa. R. App. P. 903(a) (establishing thirty-day deadline for filing appeal). His one-year limitations period under AEDPA would thus have expired on July 12, 2008, absent statutory or equitable tolling.

The limitations period was tolled by statute when he filed his PCRA petition on June 17, 2008. See 28 U.S.C. § 2244(d)(2). The Pennsylvania Superior Court denied Vanatta's PCRA appeal on January 25, 2010. The limitations period remained tolled until February 24, 2010, when Vanatta's right to appeal to the Pennsylvania Supreme Court expired. See Pa. R. App. P. 903(a). His untimely petition for allowance of appeal did not continue to toll the limitations period. See Pace, 544 U.S. at 417.

When Vanatta filed his PCRA petition, 340 days had elapsed since his direct review

became final. Therefore, he had only twenty-five days remaining in AEDPA's one-year limitations period. Because the limitations period began running again on February 24, 2010, it was set to expire on March 21, 2010.

Vanatta filed his instant Petition for Writ of Habeas Corpus, at the earliest, on April 22, 2010 (Doc. No. 1), more than one month after the deadline. As such, unless Vanatta is entitled to equitable tolling, his Petition is barred by AEDPA's one-year deadline.

Vanatta argues that he is entitled to equitable tolling of the limitations period because he has diligently pursued his claims and various individuals and entities have refused to provide requested documents, preventing him from filing a comprehensive request for relief. (Doc. No. 14.) He does not argue that the state actively misled him or that he timely asserted his rights mistakenly in the wrong forum. Nor does he suggest he received inadequate notice, that a motion for counsel was pending, or that a court misled him. See Jones, 195 F.3d at 159. Thus, the Court will focus on whether he was prevented in some extraordinary way from filing his petition.

Even assuming Vanatta's pursuit of documents evidences reasonable diligence, his inability to obtain transcripts and court records does not amount to the requisite extraordinary circumstances. Cf. United States v. Francisco, No. 09-5809, 2010 WL 1381646, at *1 n.1 (E.D. Pa. Mar. 31, 2010) (Slomsky, J.) (finding no extraordinary circumstance where petitioner sought transcript seven months into limitations period, received the full transcript which was then partially destroyed, and nevertheless filed an untimely habeas petition).

The Court finds other cases from within this Circuit instructive on this issue. For instance, in Austin v. Carroll, Judge Farnan concluded that the petitioner's inability to obtain three particular transcripts did not constitute an extraordinary circumstance. See Austin v.

Carroll, No. 03-854, 2004 WL 1949542, at *3 (D. Del. Aug. 26, 2004).  In Austin, Judge Farnan considered a petitioner's request for equitable tolling based on his inability to obtain three transcripts.  Judge Farnan first noted that habeas petitioners are not required to file state court records when filing a habeas petition and the inability to obtain records, without more, does not constitute an extraordinary circumstance.  Id. at *1.  Judge Farnan also noted that the petitioner's inability to obtain documents did not prevent him from filing a direct appeal or filing for post-conviction relief in Delaware state court, and did not hinder his filing an untimely habeas petition.  Id. at *2.  For these reasons, Judge Farnan concluded the petitioner was not entitled to equitable tolling.  Id. at *3.

In addition, in White v. Shannon, Judge Shapiro found no merit to the petitioner's equitable tolling argument based on his inability to obtain a state court transcript.  See White v. Shannon, No. 01-4298, 2003 WL 21771723, at *6 (E.D. Pa. July 24, 2003).  In White, the petitioner learned that the transcript he sought had been destroyed, and did not file his PCRA petition until he learned the transcript was no longer available – more than thirteen years after his direct review ended.  Id.  Based on these facts, Judge Shapiro concluded that the petitioner was not entitled to tolling of any kind.  Id.

As in Austin and White, Vanatta seeks tolling of AEDPA's limitations period because he has been unable to obtain state court transcripts and related documents.  However, Vanatta did not need these documents to file for state and federal post-conviction relief.  In particular, Vanatta was able to file a PCRA petition, a PCRA appeal with opening and reply briefs, and his instant habeas Petition all pro se and all without the transcripts and related documents he claims were necessary to file his Petition on time.  His inability to obtain these documents did not

-9-

prevent him from filing a basic habeas petition within the one-year limitations period. See also Brown v. Shannon, 322 F.3d 768, 774 (3d Cir. 2003) ("[T]here was nearly one month left in the limitation period – time enough for [petitioner], acting with reasonable diligence, to prepare and file at least a basic pro se habeas petition . . . ."); cf. United States v. Shabazz, No. 05-4717, 2006 WL 2854301, at *4 (E.D. Pa. Oct. 4, 2006) (Yohn, J.) ("[A] lack of legal resources, including trial transcripts, does not constitute an extraordinary situation."). Moreover, he is not even required to submit state court records with his petition. See Pliler v. Ford, 542 U.S. 225, 232 (2004). Without more, Vanatta's inability to obtain court records does not constitute an extraordinary circumstance. See Austin, 2010 WL 1949542, at *3.

Vanatta also argues that he was unaware of the filing deadlines, his former attorneys failed to advise him of the deadlines and forward legal materials, and he was unable to aggressively pursue his claims because of an illness. (Doc. No. 13.) A pro se litigant's ignorance or misunderstanding of law is not an extraordinary circumstance warranting equitable tolling. See Centeno v. Winstead, No. 08-5509, 2009 WL 5215394, at *4 (E.D. Pa. Dec. 23, 2009) (Baylson, J.) (citing Jones, 195 F.3d at 160). Further, attorney errors or other mistakes, including lack of notice, in non-capital cases is not sufficient to constitute extraordinary circumstances. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001).

Finally, even assuming Vanatta's alleged illness constitutes an "extraordinary circumstance," he has failed to demonstrate that the illness actually prevented him from filing for federal habeas relief. See Eaton v. Phelps, No. 07-281, 2008 WL 2942144, at *4 (D. Del. July 30, 2008) ("Assuming that a petitioner's physical illness can warrant equitable tolling, such tolling will only be appropriate if the physical illness actually prevented the petitioner from

complying with the AEDPA's limitations period."); Brown v. Wynder, No. 06-0049, 2006 WL 2077018, at *2 (E.D. Pa. July 21, 2006) (Baylson, J.) (noting illness must actually prevent timely filing).

In this case, Vanatta was healthy enough to file a pro se PCRA petition in June 2008, which was within AEDPA's limitations period. Moreover, his PCRA petition tolled AEDPA's limitations period until February 24, 2010, and Vanatta does not allege any illness at that time which affected his ability to file a timely habeas petition. For these reasons, the Court finds that he has not shown that his illness prevented him from complying with the limitations period.

The Court concludes that Vanatta cannot demonstrate extraordinary circumstances prevented him from complying with AEDPA's limitations period. Accordingly, he is not entitled to equitable tolling. Vanatta's Petition was filed after the one-year period expired and, therefore, will be dismissed as time-barred.[4]

## VI.    Conclusion

For the foregoing reasons, the Court will adopt the R & R and dismiss the Petition for Writ of Habeas Corpus. (Doc. No. 1.) The Petition for Appointment of Counsel will be denied. (Doc. No. 15.) The Court concludes there is no basis for issuance of a certificate of appealability. An appropriate Order will follow.

O:\Todd\10-1883 Vanatta v. Commonwealth\Vanatta - Habeas Memo - draft 4.wpd

---

[4] Because the Court concludes that Vanatta's Petition is time-barred, the Court will deny his Petition for Appointment of Counsel. See Tabron v. Grace, 6 F.3d 147, 158 (3d Cir. 1993) (asserting that first step in appointing counsel is the "critical threshold determination of whether the [petitioner's] case has arguable merit in fact and law").